09-1703.102-RSK                                          October 13, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALLSTATE INSURANCE COMPANY et al.,  )
                                    )
       Plaintiffs,                  )
                                    )
       v.                           )   No. 09 C 1703
                                    )
SPINE CENTERS INSTITUTE, INC.,      )
PAIN NET MEDICAL GROUP P.C.,        )
ROBERTO DIAZ, M.D., ROBERT SNYDER,  )
and SANDRA MARSH,                   )
                                    )
       Defendants.                  )

## MEMORANDUM OPINION

Before the court are (1) the motion to dismiss of defendants Sandra Marsh and Robert Snyder; and (2) the motion to dismiss of defendants Spine Centers Institute, Inc. ("SCI"), Pain Net Medical Group, P.C. ("Pain Net"), and Roberto Diaz. For the reasons explained below we deny both motions.

## BACKGROUND

We dismissed plaintiffs' first amended complaint because, we concluded, plaintiffs' fraud allegations did not comply with Fed. R. Civ. P. 9(b). See Allstate Ins. Co. v. Spine Centers Inst., No. 09 C 1703, slip op. at 6-7 (N.D. Ill. Mar. 23, 2010) (hereinafter, "Allstate I"). We will assume that the reader is familiar with our earlier opinion, which discussed plaintiffs' allegations in detail. Id. at 1-5. Although we concluded that plaintiffs did not allege

- 2 -

fraud with the required specificity, we also rejected defendants' numerous substantive challenges to plaintiffs' claims. Id. at 7-17. The sole question here, then, is whether the second amended complaint provides enough detail to satisfy Rule 9(b).[1]

## DISCUSSION

A. **Legal Standard**

Rule 9(b) requires plaintiffs to plead with particularity the factual bases for averments of fraud, including "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Hefferman v. Bass, 467 F.3d 596, 601 (7th Cir. 2006); see also DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990) (stating that the plaintiff must plead the who, what, when, where, and how of the alleged fraud). But it does not require plaintiffs to plead details for their own sake. See Prince-Servance v. BankUnited, FSB, No. 07 C 1259, 2007 WL 3254432, *6 (N.D. Ill. Nov. 1, 2007) ("[T]he heightened pleading standard of Rule 9(b) does not require adherence to blind formalism."); see also U.S. ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 503 (6th Cir. 2008) ("Rule 9(b)'s special requirements should not be read as a mere

---

[1] We once again decline to decide the question of reasonable reliance at the pleading stage. See Allstate I, slip op. at 12-13. Defendants' arguments stray too far into the merits of plaintiffs' claims. (See Defs.' Mot. to Dismiss at 6-13.)

- 3 -

formalism, decoupled from the general rule that a pleading must only be so detailed as is necessary to provide a defendant with sufficient notice to defend against the pleading's claims."). A complaint satisfies Rule 9(b) if it gives the defendant "fair notice" of the plaintiff's claims, Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 777-78 (7th Cir. 1994), and describes the alleged fraud in sufficient detail "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999).

**B.  Plaintiffs' Allegations Are Sufficient to Satisfy Rule 9(b)**

Plaintiffs' second amended complaint corrects, for the most part, the deficiencies that we identified in our prior decision. The amended Exhibit A to the complaint includes substantially more detail than the prior version, including the nature of the alleged fraud as to each claimant and the dates that SCI submitted fraudulent documents to plaintiffs. Defendants point out that Exhibit A does not break down the alleged fraud on an item by item basis. So, for example, Exhibit A alleges "unnecessary treatment," "excessive billing," and "upcoding" with respect to bills submitted for medical services allegedly performed for claimant #2. But it does not identify which specific treatments were "unnecessary" or "upcoded." Plaintiffs could have provided more information, and perhaps should have done so. But we conclude that the body of the

complaint (generally describing the alleged schemes), Exhibit A (identifying the particular schemes at issue with respect to each of 91 claimants and the dates of the relevant mailings), and the exemplars (providing even more detail with respect to a handful of representative claimants) provide enough detail to satisfy Rule 9(b). Further refinement is unnecessary and would be counterproductive. Cf. Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving.").

Defendants repeatedly emphasize that the complaint often refers to Marsh, Snyder, and Diaz collectively. While it is generally inappropriate to "lump" defendants together, see Ackerman, 172 F.3d at 471, the complaint alleges that the individual defendants controlled defendant SCI, which submitted the allegedly fraudulent documents to Allstate. (Second Am. Compl. ¶¶ 31, 33, 55-56, 73, 79.) Accordingly, the complaint "reasonably notif[ies] the defendants of their purported role in the scheme." See Vicom, 20 F.3d at 778 (quoting Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992)). Defendants also object that plaintiffs have not identified which plaintiff was affected by which scheme. In their response brief plaintiffs indicate that SCI submitted the fraudulent documents to plaintiff Allstate Insurance Company, the other plaintiffs' parent


- 5 -

corporation. (Pls.' Resp. at 8.) And depending on which of Allstate's subsidiaries wrote the underlying policy, that entity would pay out on the particular claim. (Id.) Again, the plaintiffs could (and probably should) have spelled this out more clearly their complaint. But we do not think the omission is fatal. It is apparent from the exemplars attached to the complaint that SCI sent medical liens to "Allstate Insurance." (See "Notice of Physician's Lien" attached as Ex. E to Second Am. Compl.) Ultimately each plaintiff will have to prove its own damages.[2] But we do not believe that the complaint requires any more detail in this regard to provide fair notice. See Vicom, 20 F.3d at 777-78. The identity of the company that wrote the underlying policy is not integral to the alleged schemes because the defendants themselves did not differentiate "Allstate Insurance" from its various subsidiaries in submitting the fraudulent documents. See Prince-Servance, 2007 WL 3254432, at *6 ("[T]he heightened pleading standard of Rule 9(b) does not require adherence to blind formalism.").

---

[2] Defendants' argument that Allstate lacks standing to sue (because it did not pay out on the policies), and that its subsidiaries were not harmed (because defendants did not lie to them specifically), does not merit any discussion.

- 6 -

## CONCLUSION

Defendants' motions to dismiss (69, 72) are denied. Defendants shall answer plaintiffs' second amended complaint by November 5, 2010. A status hearing is set for January 12, 2011 at 11:00 a.m.

DATE: October 13, 2010

ENTER: _____
John F. Grady, United States District Judge